CLYDE BAKER V. THE STATE.

No. 13611.   Delivered October 29, 1930.
Rehearing Denied March 25, 1931.

The opinion states the case.

*Lon A. Brooks,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, confinement in the penitentiary for fifteen years.

The opinion upon former appeal will be found reported in 112 Texas Crim. Rep., 254, 16 S. W. (2d) 248.

There are no bills of exception in the record, and the only question here presented is whether the evidence is sufficient. Appellant was chargd with poisoning her husband. Her confession was in evidence, in which she admitted that she bought strychnine, put it in a package and addressed it to her husband, in which she also put a letter purporting to have been written by her husband's mother telling him that she had heard he was sick and was sending him some medicine, and for him to take it. The confession further set out that the woman placed this package so addressed to her husband, in the mail. It was further stated therein that appellant was asleep at the time her husband received this package through the mail, but he told her that he had taken some of the contents, and that it was bitter and made the water bitter, and that he had let their baby taste of the stopper and medicine. In the confession it is further stated that a few minutes after this conversation deceased died in convulsions. By other witnesses the State proved the sale of the strychnine to appellant; that a package came to deceased through the mail and was handed to him by the party in whose servant house he and

appellant were living at the time. Shortly after deceased was found in convulsions in his yard and died in a few minutes. A bottle of strychnine identified by the druggist who sold it to appellant was found in the servant house. The opened package received through the mail was also found therein, as was the letter purporting to have been written by the mother of deceasd to him advising him to take the medicine. The doctors who examined deceased shortly after his death testified that convulsions was one of the symptoms of strychnine poisoning, and one of them, Dr. Metz, testifying upon a hypothetical case, apparently setting forth facts relating to the condition of deceased,—stated that upon such facts he would be of opinion that the death of deceased was caused by poisoning. There is not the slightest suggestion in the record that deceased was then or had ever been afflicted with any kind of disease or ailment which might have caused him to have convulsions. The facts stated in the record point conclusively to appellant as the guilty party. We think the evidence sufficient.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is appellant's contention that the record, aside from her confession, is still bare of sufficient evidence to meet the requirements of the law regarding the necessity of proof other than the confession which shows or tends to show that deceased came to his death through criminal agency. We have again reviewed the evidence in the present record and, taken in connection with the confession, we are of opinion it is sufficient in the respect mentioned.

The motion for rehearing is overruled.

*Overruled.*